IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

A AAA CUSTOM PLUMBING CORPORATION;
ABSOLUTE HEALTH CENTER, INC.;
ALAN BAU INVESTIMENTS;
ADVANTAGE HEATING & COOLING, INC.;
RICHARD J. DRUML d/b/a BONDED COURIER;
COPY CAT LLC d/b/a COPY CAT PRINTING;
CHIROCARE, P.C.;
FRANK J.DEXTER d/b/a COLORADO PLUMBING AND HEATING COMPANY;
COMPLETE PACKAGING, INC.;
COLORADO'S RIDE THE WEST R.V. RENTALS, INC.;
DYNAMIC AUTO GLASS, INC.;
DRY CREEK CHIROPRACTIC CENTER, P.C.;
DENVER MILL AND LATHE, INC.;
FALCON DISTRIBUTING, INC.;
FLUORESCENT MAINTENANCE COMPANY;
FOILS & DIES, INC.;
GUIRY'S, INC.;
GO WEST GENUINE, LLC;
THE HIEBERT COMPANY;
HAWTREE INCORPORATED d/b/a PAKMAIL;
INNOVATIVE WOODWORKING, INC.;
LAQ VENTURES, INC.;
LOU J. ZIER INSURANCE AGENCY, INC.;
B & W ENTERPRISES, LLC d/b/a MATTRESS WORLD;
A BETTER WAY REALTY, LLC;
MILESTONE TECHNOLOGIES, INC.;
RYAN H. JOHNSTON d/b/a NIGHT MOVES OF DENVER;
RICHARD H. KRENING;
SECURITY CHIROPRACTIC CLINIC, P.C.;
SOUTHEAST DENVER GRAPHICS, INC.;
STACK OPTICAL SERVICE, INC.;
THATCHER CHIROPRACTIC, P.C.;
US FAX LAW CENTER, INC.;
THE PERSONAL TOUCH ENGRAVING, INC.;  and
BONNIE WARNER d/b/a STAMPING TO SEE YOU

   Plaintiffs,

v.

TRIRX LTD. d/b/a TELEMEDICINERX a/k/a TELEMEDICINE RX, a New York corporation;
NATIONAL TELEMEDICINE CENTER INC., a California corporation;
APOLLO M. ARCALLANA, Individually;
JACK E. PICKERING, Individually;
DAVID B. WINKLES, Individually, and d/b/a WINKLES' PHARMACY; and
JOHN DOES #1-100

    Defendants.

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant David B. Winkles ("Mr. Winkles") hereby removes Case No. 2010CV2346 (the "State Court Action") from the District Court of Jefferson County, Colorado, to the United States District Court for the District of Colorado, on the ground of diversity of citizenship under 28 U.S.C. § 1332. In support of this removal, Mr. Winkles states as follows:

### I.    BACKGROUND

1. Plaintiffs filed their Complaint in the State Court Action on May 15, 2010. A copy of Plaintiffs' Complaint is attached hereto as Exhibit A.

2. Mr. Winkles was served with Plaintiffs' Complaint on May 24, 2010. Another defendant, Dr. Jack Pickering, was served with Plaintiffs' Complaint on May 25, 2010.

3. On June 11, 2010, Plaintiffs filed a Certificate of Service Via Certified Mail Pursuant to C.R.S. § 7-90-704(2), in which Plaintiffs state that they have served one other

2

defendant, Trirx Ltd. ("Trirx"), via certified mail. As further described below, Plaintiffs have not properly served Trirx.

4. Plaintiffs have not filed any other returns of service in the State Court Action and, upon information and belief, the remaining defendants have not been served. Copies of Plaintiffs' returns of service are attached hereto as <u>Exhibit B</u>.

## II. GROUNDS FOR REMOVAL

3. This notice of removal is filed within thirty days after the first defendant, Mr. Winkles, was served. Removal of this action therefore is timely under 28 U.S.C. § 1446(b).

4. The Complaint in the State Court Action asserts claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. The Complaint therefore may be removed under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds $75,000 and is between citizens of different states. *See Radil v. Sunborn Western Camps, Inc.*, 348 F.3d 1220, 1225 (10th Cir. 2004).

### A. <u>Complete Diversity of Citizenship Exists.</u>

5. At the time the State Court Action was filed and at the time of this removal, each Plaintiff was and is a citizen of the State of Colorado. (Ex. A at ¶¶ 12-47.) In particular, each Plaintiff was and is a company formed under the laws of the State of Colorado, and having its principal place of business located in the State of Colorado. (*Id.*)

6. At the time the State Court Action was filed and at the time of this removal, Mr. Winkles was and is a citizen of the State of Florida. (*Id.* at ¶¶ 54-56). At the time the State Court Action was filed and at the time of this removal, the remaining defendants also were and are citizens of states other than the State of Colorado. Specifically, Defendant Trirx Ltd. d/b/a

Telemedicine Rx was and is a corporation organized under the laws of the State of New York, and having its principal place of business located in the State of New York.  (*Id.* at ¶ 48; *see also* New York Secretary of State website record attached as <u>Exhibit C</u>).  Defendant National Telemedicine Center, Inc. was and is a corporation organized under the laws of the State of California, and having its principal place of business located in the State of California.  (*Id.* at ¶ 50; *see also* California Secretary of State website record attached as <u>Exhibit D</u>).  Defendants Apollo Arcallana and Dr. Jack Pickering are individuals and, respectively, were and are citizens of the States of California and Pennsylvania.  (*Id.* at ¶¶ 51-53; *see also* Dr. Pickering's Joinder and Consent to Removal, attached as <u>Exhibit E</u>.)

7. Although Plaintiffs have named "John Doe" defendants, those defendants are not considered for purposes of determining whether diversity of citizenship exists.  *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal.").

8. Hence, Plaintiffs and Defendants are "citizens of different States[,]" *see* 28 U.S.C. § 1332(a)(1), and complete diversity exists.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

B. **The Amount In Controversy Exceeds $75,000.**

9. Plaintiffs allege that Defendants are liable for statutory damages in the amount of $95,000, plus treble damages, attorney's fees, costs, and interest. (Ex. A at p. 18.)  The amount in controversy therefore "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a); *see also Radil*, 384 F.3d at 1225.

      C.      **The Consent Requirement is Satisfied.**

10.      The only defendants who have been properly served at the time of this filing this notice of removal are Mr. Winkles and Dr. Pickering.  Mr. Winkles files this notice of removal, and Dr. Pickering joins in this notice of removal.  *See* Ex. E (Dr. Pickering's signed joinder and consent).  As a result, all properly served defendants consent to this removal.  *See Schaell v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) ("As judicially interpreted, § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served.").

11.      Plaintiffs purport to have served one other defendant, Trirx Ltd., via certified mail.  Ex. B.  However, Colo. R. Civ. P. 4 requires personal service, and only permits substituted service upon order of Court, which Plaintiffs have neither requested nor received.  Colo. R. Civ. P. 4.  Further, the statute pursuant to which Plaintiffs purport to have effected service against Trirx, the Colorado Corporation and Associations Act, only applies to entities required to maintain registered agents <u>in the State of Colorado</u>.  Colo. Rev. Stat. § 7-90-704(2) (permitting service by registered or certified mail only "<u>[i]f an entity that is required to maintain a registered agent pursuant to this part 7</u> has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served" (emphasis added)).  Only "domestic entit[ies] for which a constituent filed document is on file in the records of the secretary of state and [] foreign entit[ies] authorized to transact business or conduct activities in this state" are required to maintain a registered agent in Colorado.  Colo. Rev. Stat. Ann. § 7-90-701.  Trirx is a foreign entity, and therefore can only be served by certified mail pursuant to the statute if it is authorized to conduct

business in Colorado. Plaintiffs nowhere show or even allege, either in their Complaint or in their Certificate of Service Via Certified Mail, that Trirx is so authorized. Moreover, the undersigned has searched the business records available on the Colorado Secretary of State's website, and there are no records showing that Trirx has applied for or received any certificate of authority to transact business within the State. *See* search results printout, attached as <u>Exhibit F</u>. Colo. Rev. Stat. Ann. § 7-90-805(1) ("A foreign entity is authorized to transact business or conduct activities in this state from the effective date of its statement of foreign entity authority until the effective date of its statement of foreign entity withdrawal.").

12. Nonresident service of process statutes are in derogation of Colorado common law and are given a strict construction. *Gen. Ins. Co. of Am. v. O'Day*, 356 P.2d 888, 890 (Colo. 1960). Here, Trirx cannot be served under the Colorado Corporation and Associations Act, and Plaintiffs therefore have not yet properly served Trirx. Accordingly, Trirx's consent to this removal is not required. *E.g., Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("In the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal."); 28 U.S.C.A. § 1441 (permitting removal "if none of the parties in interest properly joined and <u>served</u> as defendants is a citizen of the State in which such action is brought." (emphasis added))

### III. **VENUE**

13. This civil action may be removed to the United States District Court for the District of Colorado because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## IV. PROCESS, PLEADINGS, AND ORDERS SERVED

14. As required by 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1, attached as Exhibits A, B, and G are true and accurate copies of all process, pleadings, motions, orders and other papers filed in the State Court Action. To the best of Mr. Winkles' knowledge, no further proceedings have been had in the State Court Action.

## V. NOTICE OF REMOVAL

15. Pursuant to 28 U.S.C. § 1446(d), the filing of a copy of this Notice with the Clerk of State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed in the State Court Action contemporaneously with this notice is attached as Exhibit H.

16. No waiver and no admission of fact, law, or liability is intended by this notice of removal, and all defenses, affirmative defenses, and rights are hereby reserved. Among other things, Mr. Winkles, and Dr. Pickering in joining in this notice of removal, specially appear in this action, intend to contest personal jurisdiction, and do not waive their right to contest personal jurisdiction by virtue of this removal. 5C Wright & Miller, *Fed. Prac. & Proc. Civ.*, § 1395 (3d ed.) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-348 (8th Cir. 1988) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction.") (citing Wright & Miller); *McCurtain County Prod. Corp. v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. 1978) ("Under modern pleading rules, the technical distinctions between a special appearance and a general

appearance have vanished and a defendant waives nothing by removing the case and may move to dismiss for lack of personal jurisdiction after the removal.").

WHEREFORE, Defendant David B. Winkles respectfully requests that this case be removed from District Court, Jefferson County, State of Colorado to this Court, and proceed in this Court as an action properly removed thereto.

Dated this 16th day of June, 2010.          Respectfully submitted,

s/ Carolyn J. Fairless
Carolyn J. Fairless
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:   (303) 244-1800
Facsimile:    (303) 244-1879
fairless@wtotrial.com
Attorneys for Defendant David B. Winkles, individually, and d/b/a Winkles' Pharmacy

## CERTIFICATE OF SERVICE CM/ECF

       I hereby certify that on June 16, 2010, I presented the foregoing NOTICE OF REMOVAL to the Clerk of Court for filing and uploading to the CM/ECF system to the following:

Richard B. Rose, Esq.
Sawaya, Rose & Kaplan, P.C.
1600 Ogden Street
Denver, CO  80218
rrose@sawayalaw.com

 

s/ Carolyn J. Fairless by Janean C. Hart
Carolyn J. Fairless
Attorneys for Defendant David B. Winkles,
individually, and d/b/a Winkles' Pharmacy
Wheeler Trigg O'Donnell LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:     (303) 244-1800
Facsimile:     (303) 244-1879
fairless@wtotrial.com