IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01420-PAB

A AAA CUSTOM PLUMBING CORPORATION, et al.,

    Plaintiffs,

v.

TRIRX LTD d/b/a TELEMEDICINERX a/k/a TELEMEDICINE RX, et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiffs' amended verified motion for entry of default judgment as to defendants National Telemedicine Center Inc. ("National Telemedicine"), Appollo M. Arcallana, and Jack E. Pickering [Docket No. 35]. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). In this case, plaintiffs sought entry of default from the Clerk of the Court under Rule 55(a) as to defendants National Telemedicine, Arcallana, and Pickering. *See* Docket No. 26. The Clerk of the Court entered default against these three defendants on August 19, 2010. *See* Docket No. 28.

Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*,

No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). Here, however, plaintiffs seek default judgment against "one or more, but fewer than all, . . . parties." Fed. R. Civ. P. 54(b). Therefore, the Court may "direct entry of a final judgment . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980). Plaintiffs' argument regarding the dictates of Rule 54(b) is limited to the bald assertion that "there is no just reason for delay in entering judgment . . . ." Docket No. 35 at 11, ¶ 70. Plaintiffs, however, identify no basis upon which the Court can expressly determine that such is the case.

Therefore, it is

**ORDERED** that plaintiffs' amended verified motion for entry of default judgment as to defendants National Telemedicine, Appollo M. Arcallana, and Jack E. Pickering [Docket No. 35] is DENIED.

DATED January 5, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge