IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-01420-PAB-BNB

A AAA CUSTOM PLUMBING CORPORATION, et al.,

    Plaintiffs,

v.

NATIONAL TELEMEDICINE CENTER INC., et al.,

    Defendants.

**ORDER**

This matter is before the Court on plaintiffs' second amended verified motion for entry of default judgment as to defendants National Telemedicine Center Inc. ("National Telemedicine"), Apollo M. Arcallana, and Jack E. Pickering [Docket No. 42]. In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).

In this case, plaintiffs sought entry of default from the Clerk of the Court under Rule 55(a) as to defendants National Telemedicine, Arcallana, and Pickering.

*See* Docket No. 26.  The Clerk of the Court entered default against these three defendants on August 19, 2010.  *See* Docket No. 28.  In their motion, plaintiffs seek entry of default judgment pursuant to Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'"  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)).  When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.

In this case, no defendant has sought relief from the entry of default or otherwise attempted to participate in this litigation.  Defendants may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted.  *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane,

Federal Practice & Procedure § 2688 (3d ed. 2010). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).

Deeming the well-pleaded allegations as true, the Court cannot determine that plaintiffs are entitled to the maximum statutory damages requested in their motion. Plaintiffs have not pled facts allowing the Court to conclude that treble damage awards pursuant to 47 U.S.C. § 227(b)(3) are justified. Plaintiffs allege that defendants willfully and knowingly sent facsimile transmissions to plaintiffs in violation of 47 U.S.C. § 227, thus supporting a treble damage award pursuant to 47 U.S.C. § 227(b)(3). *See* Docket No. 1-2 at 15, ¶ 85. The Court has the discretion to multiply the damage award only upon finding that defendants willfully and knowingly violated the law. *See* 47 U.S.C. § 227(b)(3). There are no allegations supporting such a multiplication in this case. Therefore, plaintiffs have failed to establish their entitlement to the judgment requested in their motion.

Furthermore, the Court notes that plaintiffs' complaint, in light of the exhibits attached, fails to provide the Court with a basis to determine the specific involvement of each defendant in the transmission of each facsimile. The facsimiles attached to the complaint include reference to only a now-dismissed defendant, and plaintiffs' complaint lumps the remaining defendants together without adequate explanation for doing so. These deficiencies not only prevent the Court from determining "whether the unchallenged facts constitute a legitimate cause of action," 10A Charles Wright, Arthur

Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010), but also from being able to confidently find that the Court can exercise personal jurisdiction over each defendant. *See Dennis Garberg & Assocs.*, 115 F.3d at 771 ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

Plaintiffs' motion requests that an award of costs and attorney's fees pursuant to Colo. Rev. Stat. § 6-1-113(2)(b) be included in the requested judgment. The Court cannot determine from the record before it whether the requested attorney's fee amount is reasonable. *Cf.* Colo. Rev. Stat. § 6-1-113(2)(b) (providing for recovery of "reasonable attorney fees as determined by the court"). In support of their requested fee, plaintiffs cite an affidavit attached to their first motion for default judgment, *see* Docket No. 32-72, which describes work resulting in $750.00 in fees. Much of that work appears to relate to all of the plaintiffs. Plaintiffs' motion for default judgment, however, requests an award of $750.00 for each plaintiff for a total attorney's fee of $25,500.00. The support for an award of that amount has not been provided to the Court.

For the foregoing reasons, it is

**ORDERED** that plaintiffs' second amended verified motion for entry of default judgment as to defendants National Telemedicine Center Inc., Apollo M. Arcallana, and Jack E. Pickering [Docket No. 42] is DENIED without prejudice. Plaintiffs are granted leave to amend their complaint within thirty days of the entry of this order and to thereafter renew their motion for default judgment.

DATED February 9, 2011.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge